UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDDIE L. KENDRICK,

     Plaintiff,

v.                                                                    Case No. 8:06-CV-480-T-MAP

MICHAEL J. ASTRUE,
Commissioner of Social
Security

     Defendant.
_____/

**ORDER**

Pursuant to 42 U.S.C. § 1383(c)(3), the Plaintiff seeks judicial review of an

administrative decision denying his supplemental security income ("SSI").  Plaintiff argues that

the Administrative Law Judge (ALJ) erred by (1) failing to find his asthma a severe impairment,

and (2) failing to properly apply the drug and alcohol rules.  After reviewing the record, I find

that the ALJ applied the correct legal standards and the decision is supported by substantial

evidence.  Therefore, Plaintiff's complaint is dismissed and the Commissioner's decision is

affirmed.

    *A.  Background*

Plaintiff was 53 years old at the time of the ALJ's decision on April 11, 2005.  He has a

high school education and special training in small appliance repair.  Plaintiff alleges disability

beginning on May 13, 1999, due to asthma, gastritis, back, knee, and hand pain, arthritis

schizophrenia, post-traumatic stress disorder, personality disorder, anxiety, depression, and drug

and alcohol problems.[1]  After Plaintiff's application was denied both initially and upon

reconsideration, the ALJ conducted a hearing and concluded he could perform his past relevant

work as a self-employed auto mechanic.  Next, the Appeals Council denied Plaintiff's request for

review, and Plaintiff filed an appeal to this Court.  The case is now ripe for review.

B.  *Standard of Review*

The Social Security Administration, in order to regularize the adjudicative process,

promulgated the detailed regulations that are currently in effect.  These regulations establish a

"sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. §

416.920.  If an individual is found disabled at any point in the sequential review, further inquiry

is unnecessary.  20 C.F.R. § 416.920(a).  Under this process, the Secretary must determine, in

sequence, the following: whether the claimant is currently engaged in substantial gainful

activity; whether the claimant has a severe impairment, i.e., one that significantly limits the

ability to perform work-related functions; whether the severe impairment meets or equals the

medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his

or her past relevant work.  If the claimant cannot perform the tasks required of her prior work,

step five of the evaluation requires the ALJ to decide if the claimant can do other work in the

national economy in view of her age, education, and work experience.  A claimant is entitled to

benefits only if unable to perform other work.  See *Bowen v. Yuckert*, 482 U.S. 137 (1987); 20

CFR § 416.920(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports

---

[1] The ALJ accurately reports Plaintiff's medical history, and I adopt that portion of his decision for purposes of this order.  *See* R. 27-29.

them. *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. See 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994). The court may not reweigh the evidence nor substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he has conducted the proper legal analysis, mandates reversal. *Keeton*, supra, at p. 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

   *C. Discussion*

      *1. Asthma*

   Plaintiff's asserts the ALJ erred in concluding his asthma was not a severe impairment. The Eleventh Circuit has held "a claimant's impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986); *see also* 20 C.F.R. §416.921(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). An impairment must be severe for at least twelve consecutive months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 416.905(a), 416.909, 416.920(c); *Barnhart v. Watson*, 535 U.S. 212, 217 (2002).

In this case, the medical evidence fails to establish that Plaintiff's asthma imposed significant limitations on his ability to do work-related activities, at least not for any consecutive twelve month period.  Plaintiff's April 2003 spirometric pulmonary function test indicated severe obstruction (R. 199), and he required treatment for bronchitis and asthma in late August and early September 2003.  By October 2003 his lungs had cleared and his asthma and breathing-related complaints thereafter were only sporadic.  In fact, records from the VA hospital dated May 3, 2004, indicate that his asthmatic bronchitis is resolving and he is encouraged to discontinue smoking.  The records state that he has not used his Combivent inhaler for the past several days and feels his cough is resolved.  Most importantly, the VA records indicate that Plaintiff denies wheezing in the evening and he has had only occasional flare-ups over the years, and has never required hospitalization for his asthma (R. 346).

Plaintiff claims the ALJ should not have considered his smoking or his doctors' instructions to quit smoking in his determination.  Plaintiff is correct in noting that the fact that Plaintiff continued to smoke despite his doctors' advice to quit does not alone render his asthma a non-severe impairment.  However, I find the ALJ properly considered Plaintiff's failure to quit smoking as well as his blatant decision to keep smoking until after "he gets his disability," and did not rest his decision solely on this factor.  Accordingly, I find the record evidence supports the ALJ's finding that Plaintiff's asthma is a non-severe impairment.

### 2. Drug and alcohol abuse

Plaintiff claims the ALJ did not follow the proper drug and alcohol abuse analysis. He correctly notes that the key factor in determining disability when drug or alcohol addiction is an issue is whether a claimant would still be found disabled if he stopped using drugs or alcohol.

4

20 C.F.R. § 404.1535(b)(1).[2]  The burden is on Plaintiff to show he would still be disabled in the absence of addiction.  *Doughty v. Apfel*, 245 F.3d 1274, 1279-80 (11th Cir. 2001).  The analysis requires the ALJ to first consider all of the claimant's impairments, including the substance abuse.  In this case, the ALJ found Plaintiff had severe impairments of gastroesophageal reflux disease and drug and alcohol abuse (R. 29, finding 3).  Plaintiff contends that the ALJ should have next determined whether the substance abuse was a material factor in the disability.  However, because the ALJ found that the Plaintiff's impairments (including his drug and alcohol abuse) did not render him disabled, the ALJ did not need to determine whether the substance

---

[2]      In 1996, Congress amended Title II of the Social Security Act to provide that a claimant will not be deemed "disabled" if drug addiction or alcoholism is a "contributing factor material to the determination of disability."  20 C.F.R. §§ 404.1535, 416.935 (1996).  These two regulations, which are identical except that one applies to disability benefits and the other applies to SSI benefits, provide in full as follows:

> (b) Process we will follow when we have medical evidence of your drug addiction or alcoholism.
>
> (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
>
> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.
>
> (i) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>
> (ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

5

abuse was a material factor in the disability.  In other words, because the ALJ did not find Plaintiff disabled, application of the substance abuse statutes and regulations was not needed and further analysis of the extent of Plaintiff's substance abuse was unnecessary.

   *D.  Conclusion*

   For the reasons stated, it is hereby

   ORDERED:

   1. The Plaintiff's complaint is DISMISSED and the Commissioner's decision is AFFIRMED.

   IT IS SO ORDERED at Tampa, Florida on this 2nd day of August, 2007.

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE